Clifford C. WEISS and Velda L. Weiss,
Appellants,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Appellee.

No. 9802.

United States Court of Appeals
Tenth Circuit.

May 17, 1968.

Clifford E. Jordan, Santa Barbara, Cal., for appellants.

Albert J. Beveridge, III, Atty., Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and Elmer J. Kelsey, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before MURRAH, Chief Judge, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellants initiated this action by petition in the Tax Court for a redetermination of a deficiency set by the Commissioner on their joint tax return for the tax year of 1962. The deficiency added $47,121.25 to the income reported by appellants on their return. The Tax Court denied appellants' petition and they appeal from this decision.

Appellants are the sole stockholders of Intermountain Electric Company, Inc., an electrical contracting firm which was incorporated in 1956. It uses an accrual method of accounting and filed corporate income tax returns through October 31, 1960, at which time an election was made to come within Subchapter S of the Internal Revenue Code of 1954, §§ 1371–1378, 1954, I.R.C. Since that time all income tax returns have been filed pursuant to the provisions of Subchapter S. Intermountain reported an opening and closing inventory of $334.75 for the year

ending October 31, 1958, and for each succeeding year through October 31, 1961. During this time, Intermountain had in fact been accumulating inventory due to the return of materials purchased and charged to but not used in prior contracts. On March 31, 1962, a physical inventory was taken by a firm of accountants and the value of Intermountain's inventory was set at $47,456.00. Intermountain applied to change its fiscal period in the year of 1962, to begin April 1 and run to March 31. This request for a change was denied. For the year of 1962, Intermountain listed its opening inventory as $47,456.00 and closing inventory as $47,672.10. The Commissioner, in determining appellants' deficiency for 1962, reduced Intermountain's opening inventory for November 1, 1961, from $47,456.00 to $334.75, the amount of the closing inventory reported for October 31, 1961, and thus increased its taxable income for the year by $41,-121.25, and included that amount in the income of the appellants for the calendar year 1962. Intermountain did not request or obtain permission to change its method of accounting as required by Section 446 of the Internal Revenue Code of 1954.

Appellants apparently do not dispute the general applicability of Section 481 of the Internal Revenue Code. This section, first enacted into the Code in 1954, provides that: "(a) * * * In computing the taxpayer's taxable income for any taxable year * * * (1) if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding taxable year was computed, then

"(2) there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted, except there shall not be taken into account any adjustment in respect of any taxable year to which this section does not apply unless the adjustment is attributable to a change in the method of accounting initiated by the taxpayer."

■ Intermountain's change of method in valuing its inventory from a nominal value to an actual value is clearly a change in a method of accounting which requires an adjustment to prevent amounts from being duplicated or omitted. As stated by the Tax Court, to allow Intermountain to use the actual value as its opening inventory for the 1962 fiscal year would in effect allow it amounts for deduction which had previously been deducted. It is clear that section 481(a) applies and that the Commissioner was correct in assessing appellants with a deficiency for their reported 1962 income.[1]

■ Appellants, however, assert that such an application is incorrect in the present situation for two reasons, neither of which has any merit. Appellants first contend that Section 6501, 1954, I.R.C.,[2] bars collection of tax for that portion of the inventory accumulated in years prior to the fiscal year ending October 31, 1961. Section 6501 bars the assessment of any tax after three years following the filing of the return. The assessment in the instant case was filed by the Commissioner in September of 1965, clearly within the three year limitation for the assessment of the tax upon the 1962

1. The Commissioner applied 481(b) (1) in computing appellants' tax deficiency and this was affirmed in the Tax Court with final decision entered July 31, 1967, pursuant to Rule 50 in the amounts of $642.83 and $23,620.51 for the taxable years 1961 and 1962, respectively.

2. Section 6501, 1954, I.R.C., states: "(a) General rule—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period."

income tax return. The simple answer to appellants' contention is that the only year in question is the 1962 income year. There is no reopening or reassessment of taxes upon years preceding 1962; years which would be closed to reopening by 6501. Admittedly the accumulation of materials, unreflected in inventory value, occurred in years prior to 1962. For purposes of taxation, however, the change in method of accounting in 1962, precipitated into the 1962 tax report an adjustment to prevent a future duplication of deduction when the accumulated materials were used in future contracts. This adjustment is required by § 481 and although indirectly related to previous years it is erroneous for appellants to imply that the income is from years prior to 1962. The income applies solely to the year of the change in method of accounting, 1962, and therefore § 6501 is no bar to the assessment placed upon appellants' 1962 tax return. The same argument was advanced and rejected in Graff Chevrolet Co. v. Campbell, 5 Cir., 343 F.2d 568. Appellants cite the Graff case but do not attempt to distinguish it or point out any error in the court's reasoning in that case.

The sole authority for appellants' assertion that 6501 bars the assessment in the instant case are three cases decided before the enactment of § 481. It was stated by this court in United States v. Lindner, 10 Cir., 307 F.2d 262, at 264: "The rule established by the decided cases under the 1939 statute and these regulations was that if the Commissioner required a change in accounting method by asserting a deficiency, he could not include in the year of change income which should have been reported in other years, but that if the taxpayer voluntarily sought permission to change his accounting method, the Commissioner had authority to insist upon appropriate adjustments necessary to prevent some income from escaping taxation because of the change." Cases cited by appellants were all cases where the Commissioner had required a change in accounting method. As such they would not be

authority for denying the assessment in the instant case even if § 481 had not been enacted as the change in accounting method in the instant case was instituted by appellants.

■ Appellants' second contention is that as Subchapter S shareholders they are not subject to tax liability for inventory income which is attributable to years during which the corporation was a taxable corporation. Once again appellants' argument is based upon a false assumption and has absolutely no merit. Appellants repeatedly speak as though the taxes imposed were from years prior to 1962. As pointed out above, this simply is not the case as the taxes and the assessment are required by § 481 for the year of the change and relate solely to the year when the assessment was made, 1962. For this fiscal year Intermountain had elected to be taxed as a Subchapter S corporation.

The philosophy behind the Subchapter S corporation status is that the corporation does not pay income tax but instead the income is passed through to the shareholders preventing a double taxation. Since the corporation is responsible for the deficiency in income as determined by the Commissioner the deficiency also effects the Subchapter S shareholders. Section 481 does not expressly state, of course, that it applies to Subchapter S shareholders but there is no doubt that it does. Indeed, it is stated in Section 1.481–2(c) (5) (ii) of the Income Tax Regulations that: "In the case of a change in method of accounting by an electing small business corporation under subchapter S, chapter 1 of the Code, the adjustments required by section 481 shall be made with respect to the taxable income of such electing corporation in the year of the change, but the limitations on tax under section 481(b) shall apply to the individual shareholders."

Subsection (b) of section 481 provides for a limitation on tax if adjustments are substantial. Subsection 481(b) (1) provides that where the method of accounting from which the change was made

was used for the two taxable years preceding the year of change and the increase in taxable income exceeds $3,000 then the tax shall not be greater than the increase which would result if one-third of the required increase of taxable income were included in taxable income for the year of the change and one-third of such increase were included for each of the two preceding taxable years. This subsection was applied in the instant case by the Commissioner.

Subsection 481(b) (2) provides that where the taxpayer can establish his taxable income under the new method of accounting for one or more taxable years consecutively preceding the taxable year of change the taxpayer can limit his taxes to those which would have accrued had the adjustments been allocated to the taxable year or years to which they were properly allocable under the new method of accounting. Appellants made no showing as to what the taxable income of Intermountain would have been had the new method of accounting been applied to the years preceding the year in which the change was made, thus 481(b) (2) is not applicable. Nonetheless appellants suggest that the regulations under 481 (b) (2) require that the shareholders of a Subchapter S corporation may not be taxed for income allocable to those years when the Subchapter S election was not made. This argument is totally wrong. First, as has been repeatedly stated, the increase in tax with which we are concerned occurs solely in the year of adjustment, 1962. Second, section 481(b) (2) does not in any respect apply to this case because appellants did not satisfy the burden of showing what the taxable income of Intermountain would have been under the new accounting method. Third, the language to which appellants refer allows a Subchapter S shareholder to take advantage of the limitations set out in 481(b) (2) even though he was not a shareholder and the corporation was not an electing small business corporation for all the taxable years effected by the computation thereunder. This language in no way stands for the proposition suggested by appellants, rather it is intended to benefit shareholders by allowing them to use the method set out in 481(b) (2) to limit their tax.

Appellants' remaining arguments set out theoretical bases for apportioning the increase in inventory to the years prior to 1962. Since appellants failed to meet requirements of 481(b) (2) there is no necessity for apportionment.[3] The Commissioner correctly applied 481(b) (1) which does not require any allocation of the increased inventory. The Commissioner was clearly right in assessing the deficiency and the Tax Court was clearly right in denying appellants' petition to have this deficiency assessment reversed. Therefore, the decision of the Tax Court is affirmed.

---

3. Additionally it is doubtful whether the theoretical apportionments suggested by appellants would be an acceptable method of allocation of income under 481(b) (2).