DONALD MERLE CRAM and DIANA SUE CRAM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cram v. Commissioner
Docket No. 872-77.
United States Tax Court
T.C. Memo 1979-70; 1979 Tax Ct. Memo LEXIS 452; 38 T.C.M. (CCH) 299; T.C.M. (RIA) 79070; March 5, 1979, Filed Donald Merle Cram, pro se. Wayne B. Henry, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1973 in the amount of $ 1,667. The only issue for decision is whether petitioners are entitled to deduct in 1973 as a loss or bad debt the amount of $ 7,740 which is the same amount included in their 1969 income as Mr. Cram's pro rata share of the undistributed taxable income of South Carolina Mobile Homes, Inc. (SCMH), a subchapter S corporation in which Mr. Cram owned stock from March 12, 1969 to January 19, 1971. All of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Savannah, Georgia at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1973. Donald M. Cram (petitioner) acquired stock in SCMH, a subchapter S corporation, on or about March 12, 1969, at a cost of $ 3,750. At all times while petitioner held stock in SCMH the corporation was a valid subchapter S corporation subject to tax treatment under the *454 provisions of sections 1371 through 1379, I.R.C. 1954. [1] On January 19, 1971, petitioner sold his stock in SCMH for $ 10,000 and reported a gain on the sale of $ 6,250 on his Federal income tax return for the calendar year 1971. However, because of long-term capital loss carryovers from prior years, petitioner had no net long-term capital gains but rather a net long-term capital loss for the year 1971. The 1969 Small Business Corporation income tax return of SCMH was examined by the Internal Revenue Service in early 1971. As a result of this examination, an adjustment was proposed increasing the income of SCMH because of decreasing its addition to its bad debt reserve. In 1972, a settlement of the amount of adjustment to the 1969 income of SCMH was agreed to between representatives of the corporation and the Internal Revenue Service. Because of the adjustments agreed to in the 1969 income of SCMH, petitioner's taxable income for the year 1969 was increased by $ 7,740.48, which amount represented petitioner's share of the undistributed taxable income of SCMH for *455 the year 1969. At the close of the year 1969, petitioner was a shareholder of SCMH. On his 1973 income tax return petitioner claimed a deduction for $ 7,740 under the designation on the return of "Net gain or (loss) from sale or exchange of capital assets." On Schedule D of the return the $ 7,740 was placed next to the explanation "Enter your share of net long-term gain from small business corporations (Subchapter S)." Attached to petitioner's 1973 return was the following statement in explanation of the claimed deduction of $ 7,740: Donald M. Cram lost $ 7,740.48 on South Carolina Mobile Homes, Inc. The corporation elected to charge off the tax money due to individual stockholders. Numerous efforts were made to collect the money. Including going through Mr. Randolph Murdough, attorney, P.O. Drawer 457, Hampton - S.C. 29924 to no avail. This is shareholders share of undistributed taxable income in which Federal income tax was paid on the above mentioned amount in year 1969. ($ 7,740.48) Respondent, in his notice of deficiency, disallowed petitioner's claimed deduction of $ 7,740 with the following explanation: (a) The amount of $ 7,740.00 you claimed on your 1973 *456 income tax return as a loss from South Carolina Mobile Homes, Inc. (hereinafter SCMH), a Subchapter S Corporation, is not allowable.Because the $ 7,740.00 was actually undistributed taxable income of SCMH for 1969, under section 1376(a) of Int. Rev. Code of 1954, the $ 7,740.00 was added to your basis in the SCMH stock which you ultimately sold in 1971. This 1971 sale of SCMH stock resulted in a long-term capital loss carryover to the year 1973 in the amount of $ 5,458.31 * which is subject to the limitations of section 1211 of Int. Rev. Code of 1954. Accordingly, a $ 1,000.00 loss is allowable in 1973, and taxable income is increased $ 6,740.00 *. The computation of the long-term capital loss carryover from 1971 to 1973 showed petitioner's sales price of his SCMH stock as $ 10,000 and his basis as $ 11,490, consisting of a cost of the stock of $ 3,750 plus undistributed taxable income from SCMH for 1969 of $ 7,740, with a resulting long-term capital loss on the sale of SCMH stock of $ 1,490. To this computed loss for 1971 was added a post 1969 long-term capital loss carryover to 1971 which, after adjustments *457 for usage in the intervening year 1972, resulted in a long-term capital loss carryover to 1973 of $ 5,862.31. Petitioner, at the trial and in his brief, argues that since he was not a stockholder of SCMH in 1972, when the agreement to the increase in the income of SCMH was reached between representatives of the corporation and of the Internal Revenue Service, he should not be charged with any portion of the 1969 undistributed taxable income of SCMH unless that amount was actually paid to him by SCMH. He argues that he attempted to collect the $ 7,740 from SCMH unsuccessfully and therefore, when he was unable to collect this amount in 1973, he sustained either a loss or a bad debt. In his statement when the case was submitted fully stipulated, petitioner admitted that he agreed to certain adjustments proposed by respondent to his income as reported on his 1969 income tax return, including the adjustment for increasing his income by the $ 7,740.48 of undistributed taxable income of SCMH. Petitioner admitted signing a Form 870, "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment," for a deficiency in the amount of $ 169.16 *458 for his taxable year ended December 31, 1969, in November of 1972 and that when he signed this agreement he knew that included in the adjustments resulting in the deficiency was an increase of $ 7,740.48 in his 1969 income representing undistributed taxable income from SCMH. Petitioner argues, however, that he did not understand at the time he signed the waiver of restrictions on assessment and collectionof tax (Form 870) in November 1972 that he would not actually be paid the $ 7,740 by SCMH. He stated that therefore when he was unable to obtain payment of the amount from SCMH he claimed a deduction for a bad debt in the amount of the 1969 undistributed taxable income of SCMH which he was unable to collect in actual money from SCMH. Respondent takes the position that his disallowance of the claimed deduction by petitioner of the $ 7,740 and treating this amount as additional basis of petitioner's SCMH stock, which was sold by petitioner in 1971, is proper under those provisions of sections 1371--1379 relating to taxability of shareholders of subchapter S corporations. We agree with respondent. Section 1371 defines a small business corporation entitled to elect, under section *459 1372(a), not to be subject to corporate income taxes. Among the requirements for such an election is consent by all shareholders of the corporation. Section 1373(a) [2] provides for the inclusion in the gross income of the shareholders of an electing small business corporation of the undistributed taxable income of such corporation. Section 1373(b) [3] provides that there shall be included in the income of each person who is a shareholder of an electing small corporation "on the last day of a taxable year of such corporation" his pro rata portion of the undistributed taxable income of the small business corporation. Section 1.1373-1(a), Income Tax Regs., specifically states that each person who is a shareholder of an electing small business corporation on the last day of the taxable year of such corporation shall include in his gross income for his taxable year in which the corporate taxable year ends his pro rata share of the undistributed taxable income of the small business corporation. This regulation further states that-- Only those persons who are shareholders of the corporation on the last day of the taxable year of the corporation are required to include in their gross *460 income the amounts specified in section 1373. * * * The statute and the regulation make it clear that the undistributed taxable income of a small *461 business corporation is includable in the income of persons who are shareholders of the corporation on the last day of the taxable year of the corporation. Here, petitioner was a shareholder of SCMH from March 12, 1969, until he sold his stock in 1971. Under the statute and the regulations it is this ownership of stock in 1969 which requires the inclusion of SCMH's undistributable taxable income in petitioner's 1969 income. Petitioner's sale of the stock in 1971 has no effect on this inclusion. Nor does the fact that the 1969 taxable income of SCMH was not finally determined until 1972 cause the undistributed taxable income for 1969 not to be included in petitioner's 1969 income since he was a stockholder at the end of SCMH's 1969 year. See Weiss v. Commissioner,395 F.2d 500 (10th Cir. 1968), affirming a Memorandum Opinion of this Court. There is no provision in the Code permitting a taxpayer to claim a deduction for undistributed taxable income of a subchapter S corporation merely because he never is actually paid in cash by the corporation the amount of the undistributed taxable income of the corporation included in his income. Rather, section 1376 provides *462 the adjustment to be made where undistributed taxable income not actually paid to a taxpayer is included in that taxpayer's income. Section 1376(a) [4] provides that the basis of a shareholder's stock in such a corporation shall be increased by the amount of the undistributed taxable income of the subchapter S corporation which is included in his gross income. Here, respondent has made the proper adjustments. Petitioner had reported a long-term capital gain on the sale in 1971 of his stock in SCMH. Respondent in his notice of deficiency increased petitioner's basis in the stock with the result that the sale by petitioner in 1971 of his SCMH stock resulted in a long-term capital loss rather than a capital gain. Respondent has allowed petitioner a deduction for this long-term capital loss to the extent permissible by statute. *463 We sustain respondent's action in disallowing to petitioner to the extent of $ 6,740 petitioner's claimed loss in 1973 of $ 7,740 in connection with his investment in SCMH. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩
*. See computation below.↩
2. SEC. 1373. CORPORATION UNDISTRIBUTED TAXABLE INCOME TAXED TO SHAREHOLDERS. (a) General Rule.--The undistributed taxable income of an electing small business corporation for any taxable year shall be included in the gross income of the shareholders of such corporation in the manner and to the extent set forth in this section. ↩
3. SEC. 1373(b). Amount Included in Gross Income.--Each person who is a shareholder of an electing small business corporation on the last day of a taxable year of such corporation shall include in his gross income, for his taxable year in which or with which the taxable year of the corporation ends, the amount he would have received as a dividend, if on such last day there had been distributed pro rata to its shareholders by such corporation an amount equal to the corporation's undistributed taxable income for the corporation's taxable year. For purposes of this chapter, the amount so included shall be treated as an amount distributed as a dividend on the last day of the taxable year of the corporation.↩
4. SEC. 1376. ADJUSTMENT TO BASIS OF STOCK OF, AND INDEBTEDNESS OWING, SHAREHOLDERS. (a) Increase in Basis of Stock for Amounts Treated as Dividends.--The basis of a shareholder's stock in an electing small business corporation shall be increased by the amount required to be included in the gross income of such shareholder under section 1373(b), but only to the extent to which such amount is included in his gross income in his return, increased or decreased by any adjustment of such amount in any redetermination of the shareholder's tax liability.↩